GREGORY L. KIRAKOSIAN (SBN 294580)
[greg@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE:  (213) 477-2355

*Attorneys for Plaintiffs,*
JOHNATHAN CAIN and NICOLE CARYSSA CASTREJON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOHNATHAN CAIN, and individual; and NICOLE CARYSSA CASTREJON, and individual,<br><br>Plaintiff(s),<br><br>vs.<br><br>CITY OF YUCAIPA, a public entity; and DOE OFFICERS 1 - 10, individuals,<br><br>Defendant(s). | **CASE NO.:  5:24-cv-1682**<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES**<br><br>1. Unlawful Seizure in Violation of 42 U.S.C. § 1983;<br>2. Unlawful Search in Violation of 42 U.S.C. § 1983;<br>3. Failure to Prevent Violation in Violation of 42 U.S.C. § 1983;<br>4. Negligence;<br>5. False Arrest / Imprisonment; and<br>6. Violation of California Civil Rights Act;<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## INTRODUCTION

1. Plaintiffs JOHNATHAN CAIN and NICOLE CASTREJON (collectively "Plaintiffs"), hereby file this Complaint for Damages and Demand for Jury Trial against Defendants the CITY OF YUCAIPA and DOE OFFICERS 1 - 10 as individuals acting under the color of law for the CITY OF YUCAIPA (collectively "Defendants"). This Complaint seeks compensatory and punitive damages against Defendants in connection to an unlawful search and seizure incident that occurred on March 04, 2024, in the City of Yucaipa, in the County of San Bernardino.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs' claims arise under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

3. This Court has supplemental jurisdiction over Plaintiffs' State law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California, and because all Defendants reside in the County of San Bernardino, California.

## PARTIES

5. At all relevant times, Plaintiff JOHNATHAN CAIN was an individual residing in the County of San Bernardino, California.

6. At all relevant times, Plaintiff CARYSS CASTREJON was an individual residing in the County of San Bernardino, California.

7. At all relevant times, Defendants DOES OFFICERS 1 - 10, were individuals residing in the County of San Bernardino, California. At all relevant times,

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Defendants were acting under the color of law within the course and scope of their employment and duties as agents for Defendant CITY OF YUCAIPA. At all relevant times, Defendants were acting with the complete authority and ratification of their principal, Defendant CITY OF YUCAIPA. Defendant CITY OF YUCAIPA is vicariously liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

8. Despite asking for the names of the officers, Plaintiffs' requests were denied and Plaintiffs never received the identities of the officers involved. However, Plaintiffs recall the appearance of the main Officer that conducted the stop, search, and seizure at issue here. DOE OFFICER 1 was a young officer in his late twenties to mid thirties. He was Hispanic with dark short hair. He was approximately 5'5-5'7 in height with medium to skinny build.

9. At all relevant times, Defendant CITY OF YUCAIPA is and was a governmental entity organized and existing under the laws of the State of California in the County of San Bernardino, California. CITY OF YUCAIPA is a chartered subdivision of the State of California with the capacity to be sued. CITY OF YUCAIPA is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees. At all relevant times, Defendant CITY OF YUCAIPA was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California.

10. Defendant CITY OF YUCAIPA was timely served with a claim for damages on or about April 30, 2024, pursuant to California Government Code §§ 910 and 911, *et seq*. Plaintiffs' claim for damages was deemed rejected on or about June 15, 2024. In accordance with Government Code § 945.6, Plaintiffs hereby file this complaint within six months of the date of that rejection.

11. The true names and/or capacities, whether individual, corporate, associate,

or otherwise of Defendant DOES 1 through 10 are unknown to Plaintiffs at this time and therefore Plaintiffs file this Complaint against said DOE Defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this complaint when the true names and capacities of said DOE Defendants are ascertained.

12. Plaintiffs are informed and believe, and upon such information and belief, allege that, at all relevant times, each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

13. Plaintiffs are informed and believe, and upon such information and belief, allege that, at all relevant times, all Defendants, including DOE Defendants, are contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth in this Complaint. Plaintiffs are informed and believe, and upon such information and belief, allege that, at all relevant times, each defendant as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

14. Plaintiffs are informed and believe, and upon such information and belief, allege that, at all relevant times, each of the Defendants and DOE Defendants, in addition to acting for himself, herself, or itself and on his, her, or its own behalf, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent, and permission of each and all the Defendants.

15. Plaintiffs are informed and believe, and upon such information and belief, allege that, at all relevant times, the acts of each of the Defendants were fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiffs are

informed and believe, and upon such information and belief, allege that, at all relevant times, the actions, failures to act, and breaches alleged herein are attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.     On or about March 4, 2024, at approximately 3:00 a.m., Unknown DOE OFFICERS acting under the color of law for the CITY OF YUCAIPA, pulled Plaintiffs over for an alleged un-illuminated license plate.

17.     Plaintiff CAIN provided Defendants with all necessary license, insurance, and registration information. Plaintiffs believed they were going to receive a warning, citation, or fix it ticket and go about their business.  However, DOE OFFICERS refused to let Plaintiffs go about their business.  Instead, Defendants repeatedly asked Plaintiff CAIN about his past - specifically an unrelated gun charge from 2011.  DOE OFFICERS asked numerous additional questions that were unrelated to the ongoing un-illuminated license plate ticket. Despite any response from Plaintiff, Defendants continued to press Plaintiff about his 2011 charge and other unrelated matters and made clear that Plaintiffs were not free to leave until CAIN answered Defendants' questions. This went on for nearly ten (10) minutes until Plaintiffs realized DOE OFFICERS were not going to let them leave.

18.     Finally, Plaintiff proposed that he would consent to conduct a pat down of his person if it would put the officer at ease and allow them to go about their business. Plaintiff was removed from the vehicle, searched, and upon finding no weapons or evidence that could lead to a reasonable suspicion of any crime, Plaintiff CAIN was handcuffed and placed in the DOE OFFICERS' patrol vehicle where he would wait for nearly thirty minutes while the officers removed Plaintiff CASTREJON from the vehicle and conduct a complete search of Plaintiffs' vehicle.  Rather than issuing Plaintiff a ticket, Defendants returned and asked Plaintiff CAIN about a gun charge from 2011. Finally, Defendants made clear that Plaintiffs would not be free to leave

unless and until their vehicle is searched for potential weapons. Plaintiffs were both removed from the vehicle, handcuffed, searched, and placed in the patrol vehicle while Plaintiffs' vehicle was searched by the Defendants.

19. After conducting the unlawful search of Plaintiffs and their vehicle, Defendants found no evidence of any criminal activity and let Plaintiffs leave.

20. On March 04, 2024, the DOE OFFICERS searched and seized the Plaintiffs' person and vehicle.

21. Specifically, by means of force and a show of authority, the DOE OFFICERS commanded and ordered that the Plaintiffs refrain from moving and/or leaving the location of the interaction and going about their business.

22. At all relevant times, the encounter was not a consensual encounter, seizure, or search and Plaintiffs were not at liberty to ignore the police presence and go about Plaintiffs' business.

23. At all relevant times before the DOE OFFICERS conducted the search and seizure, the DOE OFFICERS did not have a warrant to conduct the search and seizure.

24. At all relevant times before and at the time the DOE OFFICERS conducted the search and seizure, the DOE OFFICERS did not have the express consent of Plaintiffs to conduct the search and seizure, with the exception of a pat down of Plaintiff CAIN.

25. At all relevant times before, during, and after the DOE OFFICERS conducted the search and seizure, the DOE OFFICERS did not state any reason or basis as to why the seizure was needed, necessary, reasonable, or lawful.

26. At all relevant times before the DOE OFFICERS conducted the seizure, the Plaintiffs had not, did not, and were not about to commit any crime.

27. At all relevant times before the DOE OFFICERS conducted the seizure, the Plaintiffs had not been arrested and were not subject to a lawful arrest.

28. At all relevant times before and at the time the DOE OFFICERS conducted the seizure, there was no lawful basis that would justify the scope or length of the search

and seizure.

29. At all relevant times before and at the time the DOE OFFICERS conducted the search and seizure, there were no facts apparent to the DOE OFFICERS that would lead the DOE OFFICERS to believe that Plaintiffs might gain possession of a weapon.

30. At all relevant times before the DOE OFFICERS conducted the search and seizure, there were no facts apparent to the DOE OFFICERS that would lead the DOE OFFICERS to reasonably believe that Plaintiffs might destroy or hide evidence.

31. At all relevant times before the DOE OFFICERS conducted the search and seizure, there were no facts apparent to the DOE OFFICERS that would lead the DOE OFFICERS to reasonably believe that there were any exigent circumstances where there was insufficient time to get a search warrant.

32. At all relevant times before the DOE OFFICERS conducted the search and seizure, there were no facts apparent to the DOE OFFICERS that would lead the DOE OFFICERS to reasonably believe that Plaintiffs were, had, or were about to commit any crime.

33. When conducting the search and seizure, the DOE OFFICERS violated Plaintiffs' rights to be secure against unreasonable searches and seizures as guaranteed to Plaintiffs under the Fourth and Fourteenth Amendment to the United States Constitution.

34. The DOE OFFICERS conducted the seizure, as described herein, and did so intentionally, in that it was their conscious objective to search and seize Plaintiffs.

35. Based on the objective facts readily available and known to the DOE OFFICERS, no reasonable conclusion could be drawn that Plaintiffs had committed, was committing, or was about to commit any crime.

36. Based on the objective facts readily available and known to the DOE OFFICERS, no reasonable conclusion could be drawn to conclude that the search was reasonable or lawful under the circumstances.

37. Further, DOE OFFICERS violated not only their departmental training,

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

38. The DOE OFFICERS knew that their conduct could and would likely result in the violation of Plaintiffs' civil rights.

39. The DOE OFFICERS knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

40. The DOE OFFICERS disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiffs.

## FIRST CLAIM FOR RELIEF

### Unlawful Seizure in Violation of 42 U.S.C. § 1983

(*Plaintiffs Against All Individual DOE OFFICERS 1 - 10*)

41. Plaintiffs repeat, reallege, and incorporate each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

42. As described herein, the DOE OFFICERS seized Plaintiffs' person and vehicle, and did so intentionally and unreasonably.

43. As described above, the DOE OFFICERS did not have a warrant, did not have the consent, and did not have any lawful or just cause to seize, search, or arrest Plaintiffs.

44. The conduct and actions of the DOE OFFICERS deprived Plaintiffs of rights guaranteed under the Fourth Amendment to the Constitution.

45. As a result of the foregoing, Plaintiffs suffered damages including, but not limited to: past and future non-economic losses and violation of Plaintiffs' civil rights.

46. As a result of the misconduct alleged herein, the DOE OFFICERS are liable for Plaintiffs' injuries, either because they were integral participants in the wrongful siezure, or because they failed to intervene to prevent these violations.

47. Due to the conduct of the DOE OFFICERS, and each of them, Plaintiffs

have been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs' damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

48. The DOE OFFICERS acted in a willful, wanton, malicious, and oppressive mannter with a conscious disregard of Plaintiffs' rights conferred upon Plaintiffs by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing Plaintiffs injury and arresting Plaintiffs without probable cause. In so acting, the DOE OFFICERS manifested a reckless disregard for Plaintiffs' rights, so as to justify the assessment of punitive and exemplary damages against the DOE OFFICERS in a sum to be established according to proof.

## SECOND CLAIM FOR RELIEF

### Unlawful Search in Violation of 42 U.S.C. § 1983

(*Plaintiffs Against All Individual DOE OFFICERS 1 - 10*)

49. Plaintiffs repeat, reallege, and incorporate each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

50. As described herein, the DOE OFFICERS searched Plaintiffs' person and vehicle, and did so intentionally and unreasonably (with the exception of the pat down search Plaintiff CAIN had consented to.

51. As described above, the DOE OFFICERS did not have a warrant, did not have the consent, and did not have any lawful or just cause to stop, seize, search, or arrest Plaintiffs.

52. The conduct and actions of the DOE OFFICERS deprived Plaintiffs of rights guaranteed under the Fourth Amendment to the Constitution.

53. As a result of the foregoing, Plaintiffs suffered damages including, but not limited to: past and future non-economic losses and violation of Plaintiffs' civil rights.

54. As a result of the misconduct alleged herein, the DOE OFFICERS are

liable for Plaintiffs' injuries, either because they were integral participants in the wrongful search, or because they failed to intervene to prevent these violations.

55. Due to the conduct of the DOE OFFICERS, and each of them, Plaintiffs have been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs' damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

56. The DOE OFFICERS acted in a willful, wanton, malicious, and oppressive mannter with a conscious disregard of Plaintiffs' rights conferred upon Plaintiffs by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing Plaintiffs injury and arresting Plaintiffs without probable cause. In so acting, the DOE OFFICERS manifested a reckless disregard for Plaintiffs' rights, so as to justify the assessment of punitive and exemplary damages against the DOE OFFICERS in a sum to be established according to proof.

## THIRD CLAIM FOR RELIEF

### Failure to Prevent Violation in Violation of 42 U.S.C. § 1983

(*Plaintiffs Against All Individual DOE OFFICERS 1 - 10*)

57. Plaintiffs repeat, reallege, and incorporate each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

58. As described herein, the DOE OFFICERS violated Plaintiffs' civil rights.

59. As Plaintiffs' rights were being violated, the DOE OFFICERS were present and witnessed the conduct of each other Defendant.

60. Based on the facts readily available and known to the DOE OFFICERS, no reasonable conclusion could be drawn that the conduct of each other Defendant was lawful or justified.

61. The DOE OFFICERS had an affirmative duty to preserve the peace and protect Plaintiffs' right to be free from harm and the violation of Plaintiffs' rights. This

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

includes the duty to stop others from violating the law and specifically from unlawfully searching, seizing, detaining, and arresting individuals, including the Plaintiffs.

62. The DOE OFFICERS were in a position and had the ability to stop the unlawful conduct against Plaintiffs and had knowledge or should have known that his rights were being violated. However, The DOE OFFICERS intentionally refused to act, failed to prevent it, and allowed the conduct to continue.

63. The conduct and actions of the DOE OFFICERS deprived Plaintiffs of rights guaranteed under the Fourth Amendment to the Constitution.

64. As a result of the foregoing, Plaintiffs suffered damages including, but not limited to: past and future non-economic losses and violation of Plaintiffs' civil rights.

65. As a result of the misconduct alleged herein, the DOE OFFICERS are liable for Plaintiffs' injuries, either because they were integral participants in the wrongful search, or because they failed to intervene to prevent these violations.

66. Due to the conduct of the DOE OFFICERS, and each of them, Plaintiffs have been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs' damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

67. The DOE OFFICERS acted in a willful, wanton, malicious, and oppressive mannter with a conscious disregard of Plaintiffs' rights conferred upon Plaintiffs by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing Plaintiffs injury and arresting Plaintiffs without probable cause. In so acting, the DOE OFFICERS manifested a reckless disregard for Plaintiffs' rights, so as to justify the assessment of punitive and exemplary damages against the DOE OFFICERS in a sum to be established according to proof.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

# FOURTH CLAIM FOR RELIEF

## False Arrest / False Imprisonment

(*Plaintiffs Against All Defendants*)

68. Plaintiffs repeat, reallege, and incorporate each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

69. As described herein, the DOE OFFICERS seized Plaintiffs' person and property, and did so intentionally and unreasonably.

70. As described above, the DOE OFFICERS did not have a warrant, did not have the consent, and did not have any lawful or just cause to seize, search, or arrest Plaintiffs.

71. The conduct and actions of the DOE OFFICERS deprived Plaintiffs of rights guaranteed under the Fourth Amendment to the Constitution, and was effectively false imprisonment of the Plaintiffs.

72. As a result of the foregoing, Plaintiffs suffered damages including, but not limited to: past and future non-economic losses and violation of Plaintiffs' civil rights.

73. As a result of the misconduct alleged herein, the DOE OFFICERS are liable for Plaintiffs' injuries, either because they were integral participants in the wrongful seizure, or because they failed to intervene to prevent these violations.

74. Defendant CITY OF YUCAIPA is vicariously liable for the wrongful acts of the DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

75. The DOE OFFICERS acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiffs' rights conferred upon Plaintiffs by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

intentionally causing Plaintiffs injury and arresting Plaintiffs without probable cause. In so acting, the DOE OFFICERS manifested a reckless disregard for Plaintiffs' rights, so as to justify the assessment of punitive and exemplary damages against the DOE OFFICERS in a sum to be established according to proof.

## FIFTH CLAIM FOR RELIEF

### Negligence

(*Plaintiffs Against All Defendants*)

76. Plaintiffs repeat, reallege, and incorporate each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

77. The DOE OFFICERS had a duty to use reasonable care in their interaction with the Plaintiffs and to ensure that an individual is free from foreseeable risks of harm and not to expose such person to reasonably foreseeable risks of injury, including, but not limited to, causing harm to Plaintiffs.

78. As described herein, the DOE OFFICERS breached that duty of care owed to the public and to the Plaintiffs by failing to act with the requisite care required.

79. The DOE OFFICERS knew, or in the exercise of ordinary and reasonable care should have known, that the DOE OFFICERS conduct posed a significant risk of harm to Plaintiffs.

80. As a result of the foregoing, Plaintiffs suffered damages including, but not limited to: past and future non-economic losses and violation of Plaintiffs' civil rights.

81. As a result of the misconduct alleged herein, the DOE OFFICERS are liable for Plaintiffs' injuries, either because they were integral participants in the wrongful seizure, or because they failed to intervene to prevent these violations.

82. Defendant CITY OF YUCAIPA is vicariously liable for the wrongful acts of the DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him

or her to liability.

## FIFTH CLAIM FOR RELIEF

### Violation of California's Bane Act

(*Plaintiffs Against All Defendants*)

83. Plaintiffs repeat, reallege, and incorporate each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

84. Section §§51 and 52, et seq., protects individuals from violence, threats of violence, or interference with an individual's rights.

85. "Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restrain or harm, from personal insult, from defamation, and from injury to her personal relations." Cal. Civ. Code § 42. Moreover, §§51 and 52, et seq., protect individuals from discrimination on the basis of the individuals race and further prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

86. Cal.Civ.Code § 51, commonly known as the Unruh Civil Rights Act, provides in relevant part: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

87. Cal.Civ.Code § 52 of the Unruh Civil Rights Act provides in relevant part: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a

jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

88. Whoever denies the right provided by Section 51.7 or 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following: (1) An amount to be determined by a jury, or a court sitting without a jury, for exemplary damages. (2) A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right provided by Section 51.7 in any action brought by the person denied the right, or by the Attorney General, a district attorney, or a city attorney. An action for that penalty brought pursuant to Section 51.7 shall be commenced within three years of the alleged practice. (3) Attorney's fees as may be determined by the court."

89. Here, the DOE OFFICERS improperly searched, seized, and falsely imprisoned Plaintiffs, as alleged herein, and violated Plaintiffs' rights of protection from bodily restraint and harm.

90. Section 52(a) of the Unruh Civil Rights Act sets forth the penalty to be imposed against individuals who discriminate against persons based on suspect, arbitrary classifications, including sexual orientation and transsexual status as being actual damages suffered, plus an award of up to three times actual damages, but in no case less than $1,000, plus attorney's fees pursuant to section 51.1(h).

91. Section 52(b) of the Unruh Civil Rights Act sets forth the penalty to be imposed against individuals who engage in violence against persons based on suspect, arbitrary classifications, including sexual orientation and transsexual status, or who perpetrate in such violence based upon a perception that the individual possesses said characteristics as being actual damages suffered, plus an award of exemplary damages, a civil penalty of $25,000, plus attorney's fees.

92. As a result of the foregoing, Plaintiffs suffered damages including, but not

limited to: past and future non-economic losses and violation of Plaintiffs' civil rights.

93. As a result of the misconduct alleged herein, the DOE OFFICERS are liable for Plaintiffs' injuries, either because they were integral participants in the wrongful seizure, or because they failed to intervene to prevent these violations.

94. Defendant CITY OF YUCAIPA is vicariously liable for the wrongful acts of the DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

95. The DOE OFFICERS acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiffs' rights conferred upon Plaintiffs by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally causing Plaintiffs injury and arresting Plaintiffs without probable cause. In so acting, the DOE OFFICERS manifested a reckless disregard for Plaintiffs' rights, so as to justify the assessment of punitive and exemplary damages against the DOE OFFICERS in a sum to be established according to proof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs JOHNATHAN CAIN and NICOLE CASTREJON, prays for relief and judgment against all Defendants CITY OF YUCAIPA and DOE OFFICERS 1 - 10 as follows:

1. For past and future general damages in an amount to be determined by proof at trial;
2. For past and future special damages in an amount to be determined by proof at trial;
3. For punitive and exemplary damages against the DOE OFFICERS ;
4. For reasonable attorneys' fees and costs as provided by statute;
5. For all penalties as provided by statute;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury for all causes of action alleged in this Complaint for Damages.

Date:  August 8, 2024

KIRAKOSIAN LAW, APC

By _____
GREG L. KIRAKOSIAN
RAFFI S. BATANIAN

*Attorneys for Plaintiffs,*
JOHNATHAN CAIN and NICOLE CASTREJON

Case 5:24-cv-01682-KK-SHK   Document 1   Filed 08/08/24   Page 18 of 18   Page ID #:18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kirakosian Law, APC

**PROOF OF SERVICE**